```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF
                 ILLINOIS EASTERN DIVISION
Kirsha Brown,                          Defendants.

               Plaintiff,         )
                                   )
          v.                       )
                                   )
     Federal Bureau of            )
                                   )    No. 06 C
        Investigation          5336 ) ) ) )
```

<u>MEMORANDUM ORDER</u>

When pro se plaintiff Kirsha Brown ("Brown") failed to appear at the previously-scheduled status hearing date of December 18, 2006, this Court stated that if she were again to fail to appear at the next status hearing date -- which was then set for 9 a.m. December 28, 2006 -- that would result in the dismissal of this action for want of prosecution.  True to form, Brown again failed to appear at this morning's status hearing, so that such a dismissal would be warranted-- but in the interim Assistant United States Attorney Daniel Tardiff has served notice of the proposed presentment on January 5, 2007 of a motion by defendant Federal Bureau of Investigation ("FBI") to dismiss this action for lack of subject matter jurisdiction (see Fed.R.Civ.P. ("Rule") 12(b)(1)) or for failure to state a claim upon which relief can be granted (see Rule 12(b)(6)).

Because the absence of subject matter of jurisdiction is a matter that this Court is not only permitted but is obligated to act upon sua sponte, this memorandum order turns to that subject. In that respect, as the government's motion correctly reflects, this suit against the FBI -- a federal agency -- is a suit against the government that, as such, is barred because of <u>sovereign immunity -- see, e.g., FDIC v. Meyer, 510 U.S. 471, 484-86 (1994).  And FDIC v. Meyer also makes it clear that a plaintiff cannot invoke Bivens v. Six Unknown Named Agents, 403</u> U.S. 388 (1971), as Brown seeks to do, to surmount that hurdle. Accordingly this action is indeed dismissed under Rule 12(b)(1)

for lack of subject matter jurisdiction, rather than simply
because of Brown's delinquency in attending the scheduled status
hearings.

_____
Milton I. Shadur Senior United
States District Judge

December 28, 2006